UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| SOUEN KIM, | ) | |
| | ) | |
| Petitioner | ) | |
| | ) | |
| v. | ) Civil No. 07-110-P-H | |
| | ) | |
| STATE OF MAINE, | ) | |
| | ) | |
| Respondent | ) | |

### RECOMMENDED DECISION ON 28 U.S.C. § 2254 PETITION

Souen Kim has filed a 28 U.S.C. § 2254 petition seeking federal habeas relief from convictions in the State of Maine for robbery and burglary.  The State of Maine has responded with a motion to dismiss (Docket No. 6), arguing that this petition is untimely.  After obtaining an extension, Kim, who is represented by an attorney, has filed a reply to the State's motion.

As relevant to Kim's petition, 28 U.S.C. § 2244(d) provides:

**(d)(1)** A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
    **(A)** the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
**....**
 **(2)** The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Kim was sentenced on December 20, 2000.  (Docket No. 7-2 at 7.)   Kim appealed to the Maine Law Court and filed an application for leave to appeal the sentences. (Docket Nos. 7-3 & 7-2.)  On February 26, 2001, the Sentence Review Panel denied Kim's application for leave to appeal the sentences (Docket No. 7-2 at 10) and on June 29, 2001, the Maine Law Court

affirmed Kim's judgment of conviction (Docket No. 7-3 at 1).  Kim did not file a petition for writ of certiorari with the United States Supreme Court; the 90-day period for doing so expired on September 27, 2001.

Kim filed a state petition for post-conviction review on November 1, 2005. (Docket No. 7-4 at 1.)  That petition was summarily dismissed as time-barred on December 7, 2005.  (Id.)  On December 13, 2005, Kim filed a motion for reconsideration which was denied on March 8, 2006. (Id. at 2.)  Kim filed a notice of discretionary appeal on March 31, 2006, and the Maine Law Court denied a certificate of probable cause on August 21, 2006.  (Docket No. 7-5.)  This 28 U.S.C. § 2254 petition was signed on May 31, 2007, and the case was actually filed on June 20, 2007.

Kim's 28 U.S.C. § 2244(d)(1)(A) year for filing this § 2254 petition began to run on September 27, 2001, and it elapsed on September 28, 2002, Kim having filed no petition for post-conviction review in that interval. On this record there is no question that this § 2254 petition is time-barred.

In Kim's response to the State's motion to dismiss Kim argues four points.  The first three of these points focus on the existence of indirect impediments/collateral consequences stemming from the 2001 conviction challenged in this 28 U.S.C. § 2254 petition.[1]  Although I am not at all clear as to the thrust of these three points, they appear to present arguments as to why the state court should have granted Kim review or relief despite his late filing of his petition for post-conviction review.[2]  The fourth point made by Kim is that he is entitled to relief under United

---

[1]     Kim asserts that he "is living with  …very real, direct and impediments.  Namely, [a] conviction, excessively lengthy conviction, particularly in light of the recent Supreme Court decisions, a subsequent conviction sentence and a criminal record of these charges for the rest of his life."  (Pet'r Resp. at 2.)

[2]     The State's reply memorandum points out that it is not relying on the statute of limitation contained in the Maine post-conviction review statute but the 28 U.S.C. § 2244(d) statute of limitation apropos the timeliness of this

States v. Booker, 543 U.S. 220 (2005), a case that pertains to the federal sentencing guidelines, and its progeny.[3]  None of these points goes any way towards defeating the State's argument that Kim's statute of limitation for filing this 28 U.S.C. § 2254 motion expired on September 28, 2002, there being no petition for post-conviction review filed in the interim to trigger the 28 U.S.C. § 2244(d)(2) tolling provision.[4]

Because I agree with the State of Maine that Kim's petition is untimely under 28 U.S.C. § 2244(d), I recommend that the Court **DENY** Kim 28 U.S.C. § 2254 review.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within ten (10) days of being served with a copy thereof.  A responsive memorandum shall be filed within ten (10) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

August 7, 2007.                                    /s/Margaret J. Kravchuk
                                                   U.S. Magistrate Judge

---

28 U.S.C. § 2254 petition.

3        As Kim notes, Booker was decided on January 12, 2005, well after his conviction became final.  The progeny referenced by Kim is likely Apprendi v. New Jersey, 530 U.S. 466 (2000) and Blakely v. Washington, 542 U.S. 296 (2004).  Apprendi was decided before Kim's conviction and sentencing and any claim based on that case was apparently not raised and exhausted.  Blakely and Booker were decided after Kim's conviction and sentencing and the Maine Law Court in Carmichael v. State, 2007 ME ____, __ A.2d __, 2007 WL 2003414 (July 12, 2007) and the First Circuit in Cirilo-Munoz v. United States, 404 F.3d 527 (1st Cir. 2005) have concluded that the principles of these cases do not apply to cases that have become final after direct review.

4        Kim has not argued that the court should apply the doctrine of equitable tolling, see Neverson v. Farquharson, 366 F.3d 32, 41-44 (1st Cir.2004), or that subsections (B), (C), or (D) of § 2244 apply to his case.  With respect to subsection (C), Kim's argument that Booker and its progeny should apply retroactively to his case has been rejected by the Maine Law Court and the First Circuit Court of Appeals, as noted in footnote 2.